## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

THE EXCELLENT THE EXCELLENT RAJ K. PATEL, from all capacities,

*Plaintiff*

v.

THE UNITED PARCEL SERVICE, INC.,

*Defendant*

No. ___ **24 - 0021** ___

**PRO SE PLAINTIFF'S COMPLAINT**

Dated: January 6, 2024

### JURISDICTION

1. Georgia is the principal place of business for defendants.

2. Plaintiff Raj K. Patel is out of state citizen and claims an injury over $75,000.00. § 1332.

3. Georgia laws are the choice-of-law for the construction of the terms and conditions.

### VENUE

4. This district court is proper because it has jurisdiction over the laws of contracts, torts, and personal property.

### PARTIES

5. Plaintiff Raj K. Patel

a. Patel is a natural-born United States citizen.[1]

b. Patel plans on running for the United States Presidency.

c. Patel's national origin is from a country in Asia.[2]

    i. Patel is a Oversee Citizen of India ("OCI") card holder.

d. Patel is brown skinned.

e. Patel identifies for many cultural reasons as "white."

f. Patel identifies for many cultural reasons as "black."

g. Patel is a registered Democrat, the party of the Father of the United States Constitution.[3]

h. Patel is has held a few offices inside the Democratic corporation, in addition, to candidate track.

i. Patel was student government president the Brownsburg Community School Corporation in Brownsburg; Hendricks County, Indiana from 2009-2010.

j. Patel was student government president at Emory University in Atlanta; Georgia from 2013-2014.

k. Patel is proficient in constitutional law.

---

[1] See also Privileges or Immunities Cl., U.S. const. amend. XIV, § 1, cl. 2.

[2] Id.

[3] Id.

    l.  Patel is *varna kshatriya*, and like his historic and recent forefathers has the role lifestyle of that caste of the superior *chh gam gol*.[4]

    m. Patel is related to a Framer of the Constitution of the Republic of India, Vallabh Patel.[5]

6.  <u>Defendant United Parcel Services ("UPS")</u>

    a.  Defendant is a Delaware corporation. https://www.sec.gov/ix?doc=/Archives/edgar/data/1090727/000109072723000006/ups-20221231.htm.

    b.  Defendant's principal place of business is 55 Glenlake Parkway, N.E., Atlanta, Georgia 30328. <u>Id</u>.

    c.  Defendant owns and operates a store in Indianapolis from where plaintiff shipped the material envelope.

    d.  Defendant is a race-color conscious business, as shown in its advertising and slogans.

    e.  UPS' old slogan used to be "What can brown do for you." https://www.seattletimes.com/business/ups-retires-what-can-brown-do-for-you-slogan/.

---

[4] <u>Id</u>.
[5] <u>Id</u>.

f. Patel knew of UPS' old slogan, and until his research per the brief-at-hand thought it was still the slogan.

g. UPS' slogan is now "Customer First, People Led, Innovation Driven" or "be unstoppable."

h. "It is thought that the pain of losing is psychologically about twice as powerful as the pleasure of gaining." https://www.behavioraleconomics.com/resources/mini-encyclopedia-of-be/loss-aversion/.

i. UPS is a likely tortfeasor.

   i. UPS total liabilities for the quarter ending June 30, 2023 were $50.310B.

   ii. UPS total liabilities for 2022 were $51.321B.

   iii. UPS total liabilities for 2021 were $55.136B.

   iv. UPS total liabilities for 2020 were $61.739B.

   v. https://www.macrotrends.net/stocks/charts/UPS/ups/total-liabilities#:~:text=UPS%20total%20liabilities%20for%202020 22,a%206.92%25%20decline%20from%202021.

## STATEMENT OF FACTS AND CLAIMS

7. From 2020 to 2022, plaintiff has shipped a handful of envelopes and packages from the defendant in the ordinary course of their business.

4

8. Full Faith and Credit Clause requires that foreign law and foreign corporations being tried in Georgia state and federal courts be also tried for crimes under material foreign law or a chartering sovereign's law.

9. All facts and claims are to be interpreted under Indiana, Georgia, D.C., and Delaware laws, as favorable to plaintiff to the fullest extent allowable by law.

10. Parasitic damages attach to all claims too. 27 Harv. L. Rev. 87.

**Assault and Battery**

11. On or about July 22, 2022, the defendant committed an assault and battery on the plaintiff.  Minimally, this includes under the laws of United States, including but not limited to treaties, Indiana, Delaware, Georgia, and Ohio, the ordinances of Marion County, and international law.

12. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.

**Negligence**

13. On or about July 22, 2022, via the public internet, in Indianapolis; Marion County, Indiana, the defendant negligently or wantonly or recklessly caused or allowed its delivery confirmation signature pad with the word "LOSE" to collide with the eyes of the person of plaintiff.

a. The collision happened by reading (the light of the words under the laws of physics) something offensive and conversational that plaintiff that did not assume risk for.

b. The English words "LOSE" was appropriated by South Bend Legal, LLC's paralegal, Paralegal Rose, in a racist act to sound like "Rose" to Asians who cannot say the English letter "R"/"r," in a litigation tactic to racially and discriminatorily other plaintiff, a natural born American of Asian descendent.[6] This is also an attack of Plaintiff Patel's right of privacy, protected by treaties, laws contractually agreed to follow as well under the terms and conditions.[7] The flower roses also look like the poppy flower or the mayflower.

14. As a proximate consequence of the defendant's said negligence or wantonness or recklessness, the plaintiff was caused to suffer the following injuries and damages:

a. Compensatory Damages

b. Incidental Damages

c. Mental pain and suffering

d. Oppressive damages

---

[6] Id.
[7] Id.

    e. Humiliation

    f. panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress

15. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.

**Fraud**

16. On or about July 22, 2022, defendant and plaintiff were negotiating concerning the purchase by plaintiff from defendant of the following: delivery of UPS logo envelope with court documents from the UPS Store in Indianapolis, Indiana to South Bank Legal, LLC in South Bend, Indiana.

17. At that time defendant represented to plaintiff that defendant would deliver the envelope without assaulting or battering plaintiff or otherwise being offensive or rude to plaintiff.

18. The representations made by the defendant were false and defendant knew that they were false, and defendant, without knowledge of the true facts, recklessly misrepresented them and were made with the intention that plaintiff should rely upon them.

19. Plaintiff believed the representations and in reliance upon them purchased the product/property.

20. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs plus punitive damages of $10,000,000.00.

**Strict Liability**

21. On or about July 22, 2022, via the public internet, in Indianapolis; Marion County, Indiana, the defendant caused or allowed its delivery confirmation signature pad with the word "LOSE" to collide with the eyes of the person of plaintiff.

   a. The collision happened by reading (the light of the words under the laws of physics) something offensive and conversational that plaintiff that did not assume risk for.

   b. The English words "LOSE" was appropriated by South Bend Legal, LLC's paralegal, Paralegal Rose, in a racist act to sound like "Rose" to Asians who cannot say the English letter "R"/"r," in a litigation tactic to racially and discriminatorily other plaintiff, a natural born American of Asian descendent.[8] This is also an attack of Plaintiff Patel's right of privacy, protected by treaties, laws contractually agreed to follow as well under the terms and conditions.[9]

---

[8] Id.
[9] Id.

22. Defendant's said conduct caused the plaintiff to suffer the following injuries and damages:

    a. Mental pain and suffering

    b. panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress

23. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.

**Products Liability**

24. The defendant's online delivery signature confirmation pad is supposed to include a first name, last name, or any other name to communicate receipt and delivery.  However, defendant's delivery signature confirmation pad displayed the "LOSE" instead of a name when the product became available over a tracking number over the internet.

    a. The collision happened by reading (the light of the words under the laws of physics) something offensive and conversational that plaintiff that did not assume risk for.

    b. The English words "LOSE" was appropriated by South Bend Legal, LLC's paralegal, Paralegal Rose, in a racist act to sound like "Rose" to Asians who cannot say the English letter "R"/"r," in a litigation tactic to racially and discriminatorily other plaintiff, a natural born

American of Asian descendent.[10]  This is also an attack of Plaintiff Patel's right of privacy, protected by treaties, laws contractually agreed to follow as well under the terms and conditions.[11]

25. On or about July 22, 2022, when the signature delivery confirmation pad left the defendant's control, the product was defective.

26. Defendant's product's defect caused the plaintiff to suffer the following injuries and damages:

    a.  Mental pain and suffering

    b.  panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress

27. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.

**Nuisance**

28. Along with the defendant, the plaintiff owns or possess the signature delivery confirmation pad.

29. The defendant let the signature delivery confirmation pad display the word "LOSE" rather than erasing and signing it appropriately either with the

---

[10] Id.

[11] Id.

defendant's own name or another non-offensive or consensual communication.

30. Defendant's actions were unreasonable given that the communication was coming from a law firm to plaintiff and defendant knew that the communication was coming from a law firm and defendant knew or should have known that it from a law firm of The Honorable Associate Justice of the United States Supreme Court Amy C. Barrett's spouse, Mr. Jesse Barrett, both of whom are employed at the University of Notre Dame, an adverse party in litigation, and the court documents in the delivery envelope also named the University of Notre Dame as the defendant.

31. Defendant's actions caused the plaintiff to suffer the following injuries and damages:

    a.  panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress

32. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.

**<u>Trespass to Chattel</u>**

33. On or about July 22, 2022, the defendant committed a trespass to chattel on the plaintiff's delivery signature confirmation.

34. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.

**Trespass to Conversion**

35. On or about July 22, 2022, the defendant committed a trespass to conversation on the plaintiff's delivery signature confirmation.

36. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.

**Fraud**

37. On or about and throughout 2022 and 2023, defendant and plaintiff were negotiating concerning the relief by the court to plaintiff from defendant of the following: the perils and its consequences from the said material July 22, 2022 delivery.

38. At that time defendant represented to plaintiff that defendant was not liable for the said consequences and claims and were factually frivolous and failed to state a claim upon which relief can be granted.

39. The representations made by the defendant were false and defendant knew that they were false, and defendant, without knowledge of the true facts, recklessly misrepresented them and were made with the intention that plaintiff should rely upon them.

40. Plaintiff believed the representations and in reliance upon them and continued the litigation.

41. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs and punitive damages of $10,000,000.00.

**Strict Liability – Trespass of premises – Delaware**[12]

42. Plaintiff was in lawful possession of the room he was located in when he accessed the public internet to retrieve signature pad accessible with a tracking number provided by defendant.

43. Defendant entered into plaintiff's room to communicate the said offensive content that was not consensual and harmful or allowed South Bend Legal's said offensive communication to enter into plaintiff's space.

44. Plaintiff is about to show damages because he suffered the said injuries and damages:

    a.  panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress

45. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.

---

[12] Kuhns v. Bruce A. Hiler Del. QPRT, 2014 WL 1292860 * 19 (Del. Ch. Ct. Mar. 31, 2014).

**Intentional Trespass of premises – Georgia[13] and Indiana[14]**

46. Plaintiff incorporates the paragraphs above.

47. Defendant voluntarily intended to send and intent the communication to plaintiff into his premises.

48. On or about July 22, 2022, the defendant committed a trespass on the plaintiff.

49. As a proximate consequence of the defendant's said intentional act, the plaintiff was caused to suffer the following injuries and damages:

    a. panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress

50. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.

**Invasion of Privacy by Unreasonable Intrusion – Indiana[15]**

51. Plaintiff incorporates the paragraphs above.

52. Defendant's said conduct and terminology made Patel feel othered by challenging his self-identification and emotional privacy or solace,

---

[13] Personal Concierge MD, LLC v. SG Echo, LLC, 890 S.E.2d 334, 341 (Ga. Ct. App. June 27, 2023).

[14] In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litig., 415 F.Supp.2d 261, 276 (S.D.N.Y. 2005). Garner v. Kovalak, 817 N.E.2d 311, 314 (Ind. Ct. App. 2004).

[15] Carson v. Palombo, 18 N.E.3d 1036, 1048 (Ind. Ct. App. 2014) (invasion of privacy seclusion false light when referred to by different terms). Cf. Ledbetter v. Ross, 725 N.E.2d 120, 122 (Ind. Ct. App. 2000) (citing Creel v. I.C.E. & Assoc., Inc., 771 N.E.2d 1276, 1280 (Ind. Ct. App. 2002)). Henry v. Cmty. Healthcare Sys. Cmty. Hosp., 184 N.E.3d 645, 652 (Ind. Ct. App. 2022) (invasion of privacy by emotional solace is recognizable). Moffett v. Gene B. Glick Co., Inc., 604 F.Supp. 229, 235-36 (N.D.IN. 1984) (discriminatory racial comments, derogatory remarks are sufficient for invasion of privacy; racism causing breach of contract and fraud is also invasion of privacy).

especially by the lingering memory of the defendant's acts and serves as a burden to plaintiff's own existence.[16]

53. As a proximate consequence of the defendant's said intentional act, the plaintiff was caused to suffer the following injuries and damages:

    a. panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress

54. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs, and $10,000,000.00 (ten million dollars) in punitive damages.

**<u>Invasion of Privacy by Unreasonable Intrusion – Georgia</u>**[17]

55. Plaintiff incorporates the paragraphs above.

56. Defendant's said conduct lingers permanent on the signature confirmation for a court case that he later won before the United States Court of Appeals for the Seventh Circuit (objectively unreasonable notice of removal) and disparages his emotional solace with this lingering memory of said defendant's acts and serves as a substantial burden to plaintiff's existence.[18]

---

[16] <u>Branham v. Celadon Trucking Servs., Inc.</u>, 744 N.E.2d 514, 524 (Ind. Ct. App. 2001).

[17] <u>Udoinyion v. Re/Max of Atlanta</u>, 657 S.E.2d 644, 648 (Ga. Ct. App. 2008). <u>Anderson v. Mergenhagen</u>, 642 S.E.2d 105, 109 (Ga. Ct. App. 2007) (trespass possible to hotel rooms). Restatement (Second) of Torts § 652B (1977).

[18] <u>Benedict v. St. Farm Bank, FSB</u>, 709 S.E.2d 314, 318 (Ga. Ct. App. 2011) ("substantial burden to his existence.").

57. As a proximate consequence of the defendant's said intentional act, the plaintiff was caused to suffer the following injuries and damages:

    a. panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress

58. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs, and $10,000,000.00 (ten million dollars) in punitive damages.

## Invasion of Privacy by Unreasonable Intrusion – Delaware

59. Plaintiff incorporates the paragraphs above.

60. As a proximate consequence of the defendant's said intentional act, the plaintiff was caused to suffer the following injuries and damages:[19]

    a. Mental pain and suffering

    b. panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress

61. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs, and $10,000,000.00 (ten million dollars) in punitive damages.

## Strict Liability Common Law – Trespass of premises – Indiana

62. Plaintiff incorporates the paragraphs above.

---

[19] <u>State v. Holden</u>, 54 A.3d 1123, 1128-29 (Del. Super. Ct. 2010) (Expectations Damages).

63. Defendant is subject to strict liability because plaintiff was exposed to more than "normal harm" of receiving a delivery confirmation by defendant.[20]

64. As a proximate consequence of the defendant's said act, the plaintiff was caused to suffer the following injuries and damages:

    a. panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress

65. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs, and $10,000,000.00 in punitive damages.

## **Intentional Infliction of Emotional Distress**

66. On or about July 22, 2022, defendant committed intentional inflicted emotional distress on the plaintiff.

    a. The extreme and outrageous conduct[21] was saying "LOSE."

    b. The by extreme and outrageous conduct was said othering by saying "LOSE" instead of "ROSE."

67. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.

---

[20] Thompson v. Lee, 402 N.E.2d 1309, 1312 (Ind. Ct. App. 1980).
[21] Spence v. Cherian, 135 A.3d 1282, 1289 (Del. Super. Ct. 2016) (Extreme and outrageous conduct is that which "exceeds the bounds of decency and is regarded as intolerable in a civilized community.").

### Negligent Infliction of Emotional Distress – Indiana

68. On or about July 22, 2022, defendant's said negligence or wantonness or recklessness had an impact on plaintiff.

69. As a consequence of the defendant's said negligence or wantonness or recklessness, the plaintiff was caused to suffer emotional trauma: panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress.

70. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.[22]

### Negligent Infliction of Emotional Distress – Georgia

71. On or about July 22, 2022, defendant's said negligence or wantonness or recklessness had an impact on plaintiff.

72. Defendant's said negligence was malicious, wilful, or wanton, and was directed toward the plaintiff.

73. As a consequence of the defendant's said negligence or wantonness or recklessness, the plaintiff was caused to suffer emotional distress.[23]

74. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.

---

[22] Ketchmark v. N. Ind. Pub. Serv. Co., 818 N.E.2d 522, 523 (Ind. Ct. App. 2004).
[23] Hill v. Ford Motor Co., 975 F. Supp. 2d 1351, 1361 (N.D. Ga. 2013) (citing Ryckeley v. Callaway, 412 S.E.2d 826, 826 (Ga. 1992)).

## Negligent Infliction of Emotional Distress – Delaware

75. On or about July 22, 2022, defendant's said negligence or wantonness or recklessness caused plaintiff fright.

76. Plaintiff was in the zone of danger when his adversary was signing a delivery confirmation which defendant had control over. Then, defendant without an invitation or welcome displayed, via the public internet, said offensive, harmful, and embarrassing content to plaintiff.

77. As a consequence of the defendant's said negligence or wantonness or recklessness that resulted in contemporaneous shock, the plaintiff was caused to suffer emotional distress by the production of panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress.[24]

78. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.

## The Law Merchant

79. Defendant merchant said to plaintiff that it would adhere to contemporaneous business guidelines and serve all without racist

---

[24] Fanean v. Rite Aid Corp. of Del., Inc., 984 A.2d 812, 820-21 (Del. Super. Ct. 2009) (depression and anxiety constitute physical injury; plaintiff in zone of danger when disclosure to third party). Elsey-Jones v. Gullion, 2018 WL 2727574 * 4 nn. 30 & 45 (Del. Super. Ct. June 5, 2018) (To prove NIED, a plaintiff must show: "(1) negligence causing fright to someone; (2) in the zone of danger; (3) producing physical consequences to that person as a result of the contemporaneous shock.") (zone of danger; expert witness not required).

innuendos/slurs, assault, battery, humiliation, emotional distress, or other uncivilized and unconstitutional conduct.

80. Merchant here did not keep its word with willful indifference or the level of ordinary care a prudent person would use or unreasonably in a situation where a name was not signed but rather another, improper word.

81. As a proximate consequence of the defendant's said behavior, the plaintiff was caused to suffer the following injuries and damages:

    a. Compensatory Damages

    b. Incidental Damages

    c. Mental pain and suffering

    d. Oppressive damages

    e. Humiliation

    f. panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress

82. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.

**Negligent Breach of the Law Merchant**

83. On or about July 22, 2022, via the public internet, in Indianapolis; Marion County, Indiana, the defendant negligently or wantonly or recklessly caused or allowed its delivery confirmation signature pad with the word

"LOSE" and with a racist innuendo to collide with the eyes of the person of plaintiff.

84. As a proximate consequence of the defendant's said negligence or wantonness or recklessness, the plaintiff was caused to suffer the following injuries and damages:

    a. Compensatory Damages

    b. Incidental Damages

    c. Mental pain and suffering

    d. Oppressive damages

    e. Humiliation

    f. panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress

85. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.

**Strict Liability – Breach of the Law Merchant**

86. Plaintiff incorporates the paragraphs above.

87. The law merchant is a public health/utility law.

88. Delivering mail is an abnormally dangerous activity or in a zone of danger.

89. Delivery mail with a with a signature pad with multiple functions and fluid technology adds to the of the said activity.

90. Functioning and operating a business and merchant is an abnormally dangerous because business is about control, and why it businesses hold shopkeeper's privileges delegated from the state.

91. Plaintiff incorporates the paragraphs above.

92. As a consequence of the defendant's said behavior, the plaintiff was caused to suffer the following injuries and damages:

    a.  Compensatory Damages

    b.  Incidental Damages

    c.  Mental pain and suffering

    d.  Oppressive damages

    e.  Humiliation

    f.  panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress

93. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.

**Abuse of Process #1**

94. Throughout the litigation in 2022 and 2023, the defendant committed an abuse of process on the plaintiff.

95. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.

**Abuse of Process #2**

96. Appearing and being present is a substantive act that good faith will be used in a way not to elongate the litigation.

97. Defrauding an adversary is willful act that is not in the regular proceedings of the litigation process.

98. Wherefore plaintiff demands judgment against defendant in the sum of $40,000,000 (forty million dollars) and costs.

**RIL – Indiana ("the thing speaks for itself")**[25]

99. Plaintiff incorporates the paragraphs above.

100.   Delivering mail is Defendant's regular business, as is sending delivery confirmation.  UPS is assumed to be in exclusive control of the situation.

101.   The delivery signature pad and the signature display on the public internet are in Defendant's exclusive control.

102.   On or about July 22, 2022, via the public internet, in Indianapolis; Marion County, Indiana, the defendant negligently or wantonly or recklessly caused or allowed its delivery confirmation signature pad with the word "LOSE" to collide with the eyes of the person of plaintiff.

---

[25] Gary Cmty. Sch. Corp. v. Lardydell, 8 N.E.3d 241, 247 (Ind. Ct. App., 2014).

a. The collision happened by reading (the light of the words under the laws of physics) something offensive and conversational that plaintiff that did not assume risk for.

b. The English words "LOSE" was appropriated by South Bend Legal, LLC's paralegal, Paralegal Rose, in a racist act to sound like "Rose" to Asians who cannot say the English letter "R"/"r," in a litigation tactic to racially and discriminatorily other plaintiff, a natural born American of Asian descendent.[26]  This is also an attack of Plaintiff Patel's right of privacy, protected by treaties, laws contractually agreed to follow as well under the terms and conditions.[27]  The flower roses also look like the poppy flower or the mayflower.

103.   As a proximate consequence of the defendant's said negligence or wantonness or recklessness because UPS did not use proper care, the plaintiff was caused to suffer the following injuries and damages:

a.  Compensatory Damages

b.  Incidental Damages

c.  Mental pain and suffering

d.  Oppressive damages

---

[26] Id.
[27] Id.

e. Humiliation

f. panic, anxiety, depression, obsessive compulsive disorder ("OCD"),

dissociative identity disorder ("DID"), shock, and stress

104. Patel did not act carelessly.

105. Wherefore plaintiff demands judgment against defendant in the sum of

$100,000,000 (one hundred million dollars) and costs.

## RIL – Georgia[28]

106. Plaintiff incorporates the paragraphs above.

107. Delivering mail is Defendant's regular business, as is sending delivery

confirmation.  UPS is in exclusive control of the situation.

108. The delivery signature pad and the signature display on the public

internet are instrumentalities of Defendant and under its exclusive control.

109. The facts are what can reasonably transpire or predict if Defendant UPS

lost control at a law firm.

110. The principal basis for application of the rule of res ipsa loquitur is that

the occurrence involved would not have occurred but for negligence, and

this negligence may properly be charged to the person in exclusive control

of the instrumentality.

---

[28] Williams v. Am. Med. Sys., 548 S.E.2d 371, 374 (Ga. Ct. App. 2001).

111.   The facts are what can reasonably transpire or predict if Defendant UPS lost control at a law firm.

112.   As a proximate consequence of the defendant's said negligence or wantonness or recklessness because UPS did not use proper care, the plaintiff was caused to suffer the following injuries and damages:

    a.  Compensatory Damages

    b.  Incidental Damages

    c.  Mental pain and suffering

    d.  Oppressive damages

    e.  Humiliation

    f.  panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress

113.   Wherefore plaintiff demands judgment against defendant in the sum of $100,000,000 (one hundred million dollars) and costs.

**RIL – Delaware**[29]

114.   Plaintiff incorporates the paragraphs above.

115.   Delivering mail is Defendant's regular business, as is sending delivery confirmation.  UPS is assumed to be in control, if not exclusive control, of the situation.

---

[29] Moore v. Anesthesia Servs., P.A., 966 A.2d 830, 840 (Del. Super. Ct. 2008)

116.   The delivery signature pad and the signature display on the public internet are in Defendant's control, if not, exclusive control.

117.   The doctrine of res ipsa loquitur was established for plaintiffs who, through no fault of their own, are unable to prove their case except for the occurrence of the accident.

118.   The facts are what can reasonably transpire or predict if Defendant UPS lost control at a law firm.

119.   As a proximate consequence of the defendant's said negligence or wantonness or recklessness because UPS did not use proper care, the plaintiff was caused to suffer the following injuries and damages:

   a.  Compensatory Damages

   b.  Incidental Damages

   c.  Mental pain and suffering

   d.  Oppressive damages

   e.  Humiliation

   f.  panic, anxiety, depression, obsessive compulsive disorder ("OCD"), dissociative identity disorder ("DID"), shock, and stress

120.   Wherefore plaintiff demands judgment against defendant in the sum of $100,000,000 (one hundred million dollars) and costs.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against defendant in the sum from the damages above in dollars and costs, to be calculated and categorized during and after trial, and the following types of damages.

121. Compensatory Damages

122. Incidental Damages

123. Mental pain and suffering Damages

124. Oppressive damages

125. Expectation Damages

126. Parasitic Damages

127. Reliance Damages

128. Restitution Damages

129. IIED

130. NEID

131. Equitable Relief – order Defendant to issue an apology to Plaintiff. § 1651.

132. This complaint does not cause res judicata.

133. Any other relief that the court thinks is proper.


Respectfully submitted,

/s/ Raj Patel
Rama CCCX
T.E., T.E. Mr. Raj K. Patel, AA, BA (*Pro Se*)
6850 East 21st Street
Indianapolis, IN 46219
Marion County
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live

T.E. Mr. President/Student Body President, Student Gov't Ass'n of
   Emory U., Inc. 2013-2014 (corp. sovereign 2013-present)
T.E. Mr. Student Body President, Brownsburg Cmty. Sch.
   Corp./President, Brownsburg High Sch. Student Gov't 2009-2010
   (corp. sovereign 2009-present)
Rep. from the Notre Dame L. Sch. Student B. Ass'n to the Ind. St. B.
   Ass'n 2017
Deputy Regional Director, Young Democrats of Am.-High Sch.
   Caucus 2008-2009
Co-Founder & Vice Chair, Ind. High Sch. Democrats 2009-2010
Vice President of Fin. (Indep.), Oxford C. Republicans of Emory U.,
   Inc. 2011-2012

Intern, Marion Cnty. Clerk Elizabeth "Beth" White for Sec'y of St. of
   the St. of Ind. 2014

J.D. Candidate, Notre Dame L. Sch. (2015-17)

Volunteer, Barack Obama for America (2008)

Intern, Jill Long Thompson for Governor (2008)

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing Pl.-Raj K. Patel's forgoing filing on 1/6/2024 to below individuals via FedEx:


**United Parcel Service ("UPS")**
c/o CORPORATION SERVICE COMPANY
251 Little Falls Drive
Wilmington, DE 19808


Respectfully submitted,


/s/ Raj Patel
T.E., T.E. Raj K. Patel (*Pro Se*)
6850 East 21st Street
Indianapolis, IN 46219
Marion County
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live


Dated: January 6, 2024